### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Donald W. Dailey, Jr., ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:21-cv-00366 |
| ) | |
| Commercial Barge Line Company, ) | |
| ) | |
| Commercial Barge Line Company ) | |
| ACBL Transportation Services LLC, ) | |
| ) | |
| ACBL Transportation Services LLC, ) | |
| ) | |
| American Commercial Barge Line Company ) | |
| ACBL Transportation Services LLC, ) | |
| ) | |
| and American Commercial Barge Line LLC, ) | |
| ) | |
|    Defendants. ) | |

### COMPLAINT
**Plaintiff Designates This Case As An Admiralty or Maritime Claim Pursuant To Rule 9(h)**

Now comes plaintiff Donald W. Dailey, Jr., by his undersigned counsel of record and complaining of defendants Commercial Barge Line Company, Commercial Barge Line Company ACBL Transportation Services LLC, ACBL Transportation Services LLC, American Commercial Barge Line Company ACBL Transportation Services LLC, and American Commercial Barge Line LLC states:

    1.    This cause is brought pursuant to 46 U.S.C. Section 30104, (commonly called the Jones Act) and the General Maritime Law of the United States, (including the doctrines of unseaworthiness and maintenance and cure) and this Honorable Court therefore has subject

matter jurisdiction of this cause pursuant to 28 U.S.C. § § 1333. All events complained of took place within the territorial jurisdiction of this Court. Venue is therefore proper in this District pursuant to 45 U.S.C. § 56 (incorporated by reference into Jones Act), and 28 U.S.C. § § 1391(b)(1) and (b)(2).

  2. At all times mentioned herein, defendants Commercial Barge Line Company, Commercial Barge Line Company ACBL Transportation Services LLC and ACBL Transportation Services LLC and each of them employed plaintiff Donald W. Dailey, Jr., as a deckhand and member of the crew of the *M/V Fort Defiance* which was at all times mentioned herein controlled, operated, manned, and owned or owned *pro hac vice* by defendant American Commercial Barge Line LLC as an inland river harbor tug on the Ohio and Lower Mississippi Rivers near their confluence at Cairo, Illinois. Plaintiff brings this suit as a seaman under 46 U.S.C. Section 30104, (commonly called the Jones Act) and the General Maritime Law of the United States.

  3. Defendants Commercial Barge Line Company, Commercial Barge Line Company ACBL Transportation Services LLC, ACBL Transportation Services LLC, American Commercial Barge Line Company ACBL Transportation Services LLC (hereinafter collectively referred to as "the employer") and American Commercial Barge Line LLC (hereinafter "the shipowner"), and each of them, operate a fleet on the Mississippi River at Cairo, Illinois. This fleet is a facility that moors empty and loaded barges on a temporary basis so that they can be prepared for transport by line haul boats. The *M/V Fort Defiance* and its crew move barges into and out of the fleeting areas, build tow by wiring groups of barges together with heavy rigging and break tows apart. The vessel crews perform these tasks in all weather conditions both

outside and in the confines of the vessel while navigating the inland waterway systems. Work is performed on rotating shifts (8 days on / 4 days off then 8 nights on / 4 days off and continuing) with a twelve-hour work schedule.

4. The Jones Act, 46 U.S.C. Section 30104, imposed a statutory duty on the defendant employer, to use due care to provide plaintiff with a reasonably safe place to work, provide plaintiff with reasonably safe means of ingress and egress, provide plaintiff with adequate training to perform his assigned duties, provide plaintiff with adequate assistance to perform his assigned duties, enforce safety and housekeeping rules, inspect for hazards, defects and dangers the areas where plaintiff could reasonably be anticipated to work, provide the plaintiff with reasonably safe tools and equipment with which to perform his duties in safety, and provide plaintiff with adequate supervision to perform his duties in safety.

5. The general maritime law held the defendant shipowner as the owner or owner *pro hac vice* of the *M/V Fort Defiance* to warrant the seaworthiness of the vessel, its crew, equipment, and appurtenances. In addition, the general maritime law imposed on the defendant shipowner the obligation to provide plaintiff with adequate and sufficient maintenance and cure for his injuries.

6. On April 19, 2018, the lead man failed to show up for work and the remaining crew were required to work short-handed. The crew was building a tow of fifteen barges which involves pulling barges out of a fleet and wiring them together with heavy ratchets and cables. Plaintiff was on a loaded barge which was adjacent to a partially loaded barge. The partially loaded barge was approximately three to four feet higher than the fully loaded barge. Dailey needed to climb from the lower barge to the higher barge to finish securing the partially loaded

barge in the tow. He put one hand onto the deck fitting of the partially loaded barge to help steady himself as he crossed to that barge.  As Dailey crossed over, the *M/V Fort Defiance* bumped into the barges causing Dailey to lose his grip, then slip and fall with all of his weight onto his right shoulder. This caused a tear of the superior to posterior glenoid labrum, tear/partial detachment of the posterior/inferior/anteroinferior labrum and tendinosis/partial tear of the intra-articular segment of the long head of the biceps extending through the biceps anchor.

7. At that time and place, the defendant employer breached its aforesaid statutory duties and its warranty of seaworthiness when plaintiff sustained injuries to his shoulder.

8. As a result in whole or any part, even the slightest, of the defendant employer's breach of its statutory duties and as a proximate result of the defendant shipowner's breach of its warranty of seaworthiness, plaintiff sustained personal injuries and damages including loss of earnings, loss of earning capacity including a wage differential, expenses for medical treatment including but not limited to surgery, physical therapy, nursing, pathology, anesthesia and rehabilitation services, pain and suffering in the past and reasonably certain to continue into the future, loss of a normal life in the past and reasonably certain to continue into the future, and disability and disfigurement.

9. As a proximate result of defendant's breach of its legal duty to provide plaintiff with adequate maintenance and cure, plaintiff incurred mileage expenses and is owed additional maintenance.  The defendant paid to plaintiff one extra maintenance check in the amount of $420.00 for which defendant should be credited against their liability for additional maintenance.

WHEREFORE, plaintiff respectfully prays that this Honorable Court enter judgment against defendant Shipowner in favor of plaintiff Donald W. Dailey, Jr., in an amount which is fair and reasonable under the circumstances and for such other and further relief as justice may require.

Respectfully submitted,

ARMBRUSTER, DRIPPS
WINTERSCHEIDT & BLOTEVOGEL, LLC

By: */s/ Roy C. Dripps*
    Roy C. Dripps #6182013
    Charles W. Armbruster #6211630
    Michael T. Blotevogel #6282543
    51 Executive Plaza Court
    Maryville, IL 62062
    Telephone: (618) 208-0320
    Fax: (800) 927-1529
    royd@adwblaw.com
    charlesa@adwblaw.com
    mikeb@adwblaw.com

*Attorneys for Plaintiff*