IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DONALD W DAILEY, JR.,**

      **Plaintiff,**

v.

**ACBL TRANSPORTATION SERVICES, LLC and AMERICAN COMMERCIAL BARGE LINE LLC,**

      **Defendants.**

Case No. 21-CV-00366-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Defendants ACBL Transportation Services, LLC and American Commercial Barge Line LLC ("American Barge"), move under FED. R. CIV. P. 54(b) for reconsideration of this Court's Order dated August 6, 2021 (Doc. 24). In that Order, the Court, citing *Boyd v. Grand Trunk W. R. Co.*, 338 U.S. 263 (1949), denied American Barge's motion to dismiss in the favor of the Plaintiff Donald W Dailey, Jr. on the ground that the forum selection clause in an agreement he signed was unenforceable "because the Jones Act expressly incorporates the provisions of the Federal Employers Liability Act, which includes the right of a plaintiff to select the forum of a suit" (Doc. 23). After American Barge filed the Motion for Reconsideration, Dailey filed a response (Doc. 26), and American Barge replied (Doc. 28). The Court held a motion hearing on the matter on October 7, 2021.

Rule 54(b) allows a court to exercise its inherent authority to reconsider nonfinal orders. *See Civix-DDI, LLC v. Hotels.com, LP*, 904 F. Supp. 2d 864, 866 (N.D.

Ill. 2012) (citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983)) ("Every order short of a final decree is subject to reopening at the discretions of the . . . judge."). To prevail on a motion for reconsideration, the movant must present either newly discovered evidence or establish a manifest error of law or fact. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" (*Id.*) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). While "[a] court has the power to revisit prior decisions of its own," courts "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)).

The Jones Act shares a body of law with the Federal Employers Liability Act ("FELA"), and the Supreme Court has established that FELA's venue provision prohibits forum selection clauses. *See Boyd*, 338 U.S. 263, 265-66 (1949). Prior to 2008, the Jones Act had its own venue provision which limited suits to places where the employer does business. *See* 46 U.S.C. § 30104(b) (repealed 2008); Pub.L. No. 109–304 § 6(c), 120 Stat. 1485, 1510 (2006). The 2008 amendments to the Jones Act repealed the statute's venue provision, leaving open the question of whether the Jones Act should now be interpreted as incorporating FELA's venue provision. *See* National Defense Authorization Act for Fiscal Year 2008, Pub.L. No. 110–181, § 3521, 122 Stat. 3, 596 (2008).

American Barge contends that the Seventh Circuit has never subsequently

applied Boyd and that the Jones Act should not be interpreted as incorporating FELA's venue provision, citing Seventh Circuit precedent in *In re Mathias*, 867 F.3d 727, 733 (7th Cir. 2017). While the Court in *Mathias* was suspicious of *Boyd*'s old-fashioned view of forum selection clauses, it declined to apply it because *Mathias* was an ERISA case, not a FELA case. So, while there is recent jurisprudence in other circuits throwing cold water on FELA venue provision application to Jones Act cases, *see, e.g.*, *Brister v. ACBL River Operations LLC*, 2018 WL 746390 (E.D. La. 2018) and *Riley v. Trident Seafoods Corp.*, 2012 WL 245074 (D. Minn. 2012), this Circuit has not done so. In the absence of existing precedent, it can hardly be said that the Court committed a manifest error by applying the FELA venue provision to the uncharted waters of a Jones Act forum selection clause issue in this Circuit.

## CONCLUSION

For the reasons set forth above, Defendant ACBL Transportation Services, LLC and American Commercial Barge Line LLC's Motion for Reconsideration (Doc. 24) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   February 1, 2022

s/ *Stephen P. McGlynn*
STEPHEN P. McGLYNN
U.S. District Judge
